[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case concerned a motor vehicle accident which occurred on January 25, 1994. A trial to the court, acting as an arbitrator, was held on April 28, 1998. The court finds the following:
One January 25, 1994 plaintiff Doreen R. Ross was operating a CT Page 6175 motor vehicle owned by Gary Asselin and was traveling in a northbound direction on Route 169 in Brooklyn, Connecticut. Defendant Mark L. Coppinger was operating a motor vehicle owned by defendant Francis Ethier, and was proceeding in a northbound direction in front of the plaintiff. The plaintiff attempted to pass Coppinger's vehicle, but Coppinger turned his vehicle left into the path of plaintiff's vehicle, thus causing the vehicles to collide. The road where the accident occurred was a two-lane highway in a passing zone.
After hearing the evidence the court finds that the collision was caused by the negligence of Coppinger in that he failed to keep a proper and reasonable lookout for other vehicles on the roadway.
The plaintiff claims that as a result of the accident she has suffered cervical and lumbar injuries and has been obligated to spend large sums of money for medical treatment. The court finds that at the time of the accident she was receiving workmen's compensation payments for a work-related injury. It thus became necessary for the court to determine which of her injuries were caused by the work-related injury and which were caused by the motor vehicle accident.
After studying the various medical reports the court finds that the work-related injury caused a 10% impairment of her cervical spine, and that she received an additional impairment rating of 5% of the cervical spine as a result of the accident. However, there was no credible evidence presented as to how much permanency, if any, can be attributed to the workmen's compensation injury and how much, if any, can be attributed to the auto accident.
In addition, the court finds that the plaintiff has a 1% permanent impairment of the lumbar spine caused by the accident. It also finds that there are minor disc changes at L5-S1 which, according to Dr. Druckemiller, probably preexisted the date of the injuries.
Plaintiff has been seen by several physicians for tests and has had a good deal of physiotherapy and chiropractic treatment since the accident. Her medical bills have added up to $11,718.04, and the court infers that they are related to the accident. The court finds her economic damages to be $11,718.04 and her non-economic damages to be $12,000. CT Page 6176
No evidence was presented on behalf of plaintiff Gary Asselin under counts 2 and 3 of the complaint and the court considers those claims abandoned.
Accordingly, judgment may enter for the plaintiff against both defendants for $23,718.04.
Allen, JTR